## Sutherland v. The State.

If the two witnesses for the State are worthy of credit, the evidence is sufficient to authorize the conviction, the trial judge being satisfied.

January 14, 1891. By two Justices.

Murder. Criminal law. Evidence. ·Verdict. Before Judge Gober. Floyd superior court. March term, 1890.

Crocket Ellison, Lum Sutherland and Lee Sutherland were indicted as principals in the first degree, for the murder of Charles Moore; and in a second count Ellison was charged as principal in the first degree, and the Sutherlands as principals in the second degree. On the trial of the two Sutherlands the testimony for the State tended to show that about half past ten o'clock at night, Moore went into a house where a dance was going on, followed by Ellison with a double-barrelled shot-gun. They had been fussing outside. Moore took hold of Ellison's gun, and asked Ellison not to shoot him. He had no weapon, and was not trying to hurt Ellison. Lum Sutherland was then in the house, and he too had a shot-gun, but was not seen doing anything with it in the house. Ellison told Moore he was not going to shoot him, and asked him to turn loose the gun, which Moore did. Ellison opened the door and went out, and so did Lum Sutherland, carrying his (Lum's) gun. When outside, according to one witness, Lum put something on Ellison's gun; according to another, Elli-

son snapped his gun pointing in the house, and it would not go off; he asked for a cap, and one of those outside gave him one; witness did not know which one it was, but thought it was one of Lee's brothers, not Lum. The door was closed by those inside, who tried to hold it shut, and Lum tried to shove it open with his gun. Ellison stood at the crack of the door and told them to shove the door again until he could get sight and he would get him, and when they shoved it the last time he got his gun in the crack, took aim, shot and killed Moore, and said, "I got him boys, let's go"; and they all went up the hill.

The testimony for the defendants tended to show that before the killing, Lum had given his gun to a woman when he went into the house, asking her to take care of it until he got ready to go home, and she took it and set it over behind a table. He had his gun because he and Ellison had been bird-hunting that afternoon and went to the party without going home first. There was a good deal of confusion just before the firing, people running out and in. Lum and Lee both were in the house when the shooting took place. When Moore came into the house he called for his pistol. Lum was standing at a table in the house when the firing occurred. One witness testified that the general character of one of the State's witnesses was bad and that he would not believe him on oath. Both defendants, in their statements, denied knowing anything about the fuss or who was in it, and claimed that they were in the house when the shooting occurred.

Lum was found guilty as principal in the second degree, and recommended to imprisonment for life; Lee was found not guilty. Lum moved for a new trial, which was denied, and he excepted.

Reece & Denny and T. W. Alexander, for plaintiff in error.

W. J. NUNNALLY, solicitor-general, and W. J. NEEL, contra.

SIMMONS, Justice.

The only ground taken in the motion for a new trial is that the verdict is contrary to law and the evidence. The evidence is conflicting. If the two witnesses sworn for the State are worthy of credit, the evidence is sufficient to authorize the verdict of the jury. The trial judge was satisfied with the finding, and overruled the motion for a new trial; and we will not interfere with his discretion.                 *Judgment affirmed.*